**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6289

MARION L. SHERROD,

Plaintiff - Appellant,

v.

SID HARKLEROAD, Superintendent at North Carolina Department of Correction;
JOHN MORGAN, Medical Provider at North Carolina Department of Correction;
EDWARDS; STEPHEN SHOOK, Sgt. Officer at North Carolina Department of
Correction; PATRICIA MCENTIRE, E-Unit Manager at North Carolina Department
of Correction; MARGARET JOHNSON, Nurse at North Carolina Department of
Correction; LARRY BASS, Nurse at North Carolina Department of Correction,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at
Asheville.  Robert J. Conrad, Jr., District Judge.  (1:12-cv-00048-RJC)

Argued:  September 18, 2019                          Decided:  November 5, 2019

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion.  Judge Quattlebaum wrote the opinion, in which Judge
Motz and Judge Harris joined.

**ARGUED:**  Anthony John Dick, JONES DAY, Washington, D.C., for Appellant.
Elizabeth Pharr McCullough, YOUNG MOORE AND HENDERSON, P.A., Raleigh,
North Carolina; Corrine Lenore Lusic, NORTH CAROLINA DEPARTMENT OF

JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** C. Kevin Marshall, Caleb P. Redmond, JONES DAY, Washington, D.C., for Appellant. Madeleine Pfefferle, YOUNG MOORE AND HENDERSON, P.A., Raleigh, North Carolina, for Appellee John Morgan, N.P. Joseph Finarelli, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees Patricia McEntire, Sid Harkleroad, Gregory Edwards, Stephen Shook, and Margaret Johnson. Martha Thompson, STOTT, HOLLOWELL, PALMER & WINDHAM, L.L.P., Gastonia, North Carolina, for Appellee Larry Bass.

_____

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

On September 2, 2009, Marion Sherrod, previously convicted of robbery with a dangerous weapon, was transferred to Marion Correctional Institution ("MCI") from another prison. At the time of the transfer, he suffered from a chronic seizure disorder. On November 9, 2009, Sherrod experienced seizures in his cell requiring him to be taken to an outside hospital for treatment. Five days later, Sherrod was transferred from his ground-floor cell to an upstairs cell. Because of his disorder, Sherrod asked that he not be moved to the upstairs cell. John Morgan, a medical provider in the unit where Sherrod's cell was located, did not stop the transfer.

On November 15, 2009, Sherrod was placed in restraints and transported down the steps from his cell towards the prison's recreation area. As Sherrod neared the bottom of the staircase, he suffered a seizure, causing him to fall down the remaining steps. After receiving an alert about Sherrod's fall, nurses Larry Bass and Margaret Johnson came to Sherrod's assistance. Bass and Johnson worked with other prison personnel at the scene to get Sherrod into a wheelchair. He was then transported to a nearby hospital, where his seizure disorder was treated.

Bass and Johnson executed witness statements about their interaction with Sherrod. They reported that they found Sherrod face down on the floor near the bottom of the stairs. They wrote that after he sat up, Sherrod "lunged back at [another officer] with force." J.A. 307–08. The statements do not mention Sherrod's seizure disorder.

Later, Sherrod filed a *pro se* complaint against prison officials at MCI alleging they were deliberately indifferent towards his chronic seizure disorder violating his Eighth

3

Amendment rights against cruel and unusual punishment. In addition to Morgan, Bass and Johnson, Sherrod asserted claims against Superintendent Sid Harkleroad and prison employees Patricia McEntire, Edwards[1] and Stephen Shook (collectively "Defendants"). On appeal, we consider whether the district court properly dismissed the claims against Morgan, Johnson and Bass. Finding no error, we affirm.

## I.

We begin with a review of the procedural history of this case. In Sherrod's Complaint, he alleges that Morgan knew of his seizure disorder. Despite this, Sherrod alleges he ignored his "physical disability" and assigned him to a cell located in an upper-tier of the prison. This, according to Sherrod, required him to traverse stairs while handcuffed. He claims this "deliberate indifference" caused "substantial harm," including the fall on November 15, 2009, which resulted in serious physical injuries. J.A. 28–32.

Sherrod also alleged that Johnson and Bass conspired with the custody staff by making false witness statements. He claims the statements contained no information about his seizure disorder despite the fact that his disability was documented in prison records. Sherrod claims the statements falsely "depict him as being intentionally 'aggressive.'" J.A. 30−31. He also claims because of the statements, he did not receive proper medical care.[2]

---

[1] Edwards' first name is not contained in the record.

[2] Sherrod further alleged that, as a result of his complaints about this incident and his medical care, Defendants engaged in a course of retaliatory conduct. J.A. 33−38. Sherrod also claimed that Defendants violated his right of access to the courts by interfering (Continued)

4

The district court dismissed Sherrod's claims in three orders across three years. In February 2013, it dismissed the claims against Morgan, finding Sherrod failed to state a claim against him. Although the court acknowledged that Sherrod's allegations "tend to show that Defendant Morgan knew of Plaintiff's seizure disorder[,]" it reasoned that Sherrod "is presently receiving treatment to address his seizure disorder . . . was treated at Marion Correctional and the hospital following the occurrence of his seizures," and "continued to receive treatment following his release from the hospital." J.A. 337. Thus, the district court concluded that Sherrod's allegations were essentially a disagreement about the treatment Sherrod received, which is, at best, a claim for medical malpractice falling short of the allegations needed for an Eighth Amendment deliberate indifference claim.

On March 30, 2015, the district court granted Bass' Motion for Judgment on the Pleadings. J.A. 379−84. In dismissing the claims against Bass, the court held the Complaint was "conclusory in its contention that Defendant Bass may have provided inadequate medical treatment." J.A. 382.

On March 30, 2016, the district court granted the Motion for Judgment on the Pleadings by Johnson, Harkleroad, Edwards, Shook and McEntire. The court held that Sherrod's allegations were "speculative" and failed to offer "sufficient factual support" as to knowledge of Sherrod's seizure disorder and deliberate indifference related to it. J.A. 394. The district court concluded that the allegations, "[a]t best," amounted only to a

with his legal mail. J.A. 35−37. On appeal, however, Sherrod does not challenge the dismissal of these claims.

5

dissatisfaction "with the scope and course of his treatment[,]" which failed to satisfy the requirements for a deliberate indifference claim. J.A. 394.

Sherrod moved to alter or amend the judgment. Importantly, in that motion, while pursuing his claims against the other Defendants, Sherrod specifically indicated that he did not seek relief for the dismissal or judgment entered as to Morgan. He stated "Defendant John Morgan . . . was no longer an issue or Defendant in my claim. Since he was dismissed earlier as a defendant. In which I did not argue." J.A. 403–04. The district court denied this motion.

Sherrod then filed a timely Notice of Appeal. In it, he sought appeal "from the final judgment, dismissal with prejudice entered in this action on the 30th day of March 2016." J.A. 409.

In his Informal Opening Brief, Sherrod raised the following issues: (1) "District courts error in not allowing new evidence into arbitration[;] . . . (2) District Court failed to arbitrate over clear discrimination of prisoners mental and physical disabilities[;] . . . (3) District Court made an error in not arbitrating on clear evidence of First Amendment-Access to Courts violations[;] . . . (4) Error in not reviewing and arbitrating on a 'institutional' policy of racial profiling through classification." Informal Brief of Plaintiff-Appellant at i–ii, *Sherrod v. Harkleroad*, 674 Fed. App'x 265 (4th Cir. Jan. 3, 2017) (No. 16-7045). He identified no issues concerning his deliberate indifference claims related to Morgan, Bass or Johnson. Likewise, he argued no such issues in that brief.

After Sherrod, Edwards, Harkleroad, Johnson, McEntire and Shook submitted their briefs, we issued a per curiam opinion. We considered the district court's order that

"granted the Defendants' motion for judgment on the pleadings under Fed. R.Civ. P. 12(c), finding that Sherrod's complaint failed because he simply assumed in his complaint, without sufficient factual support, that all of the Defendants had intimate knowledge about his seizure disorder." J.A. 435. We then explained the allegations in Sherrod's complaint and accompanying declaration "that medical provider John Morgan and manager Patricia McEntire,[3] both named Defendants, had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries due to a fall . . . [were] enough to survive the Defendants' motion for judgment on the pleadings." J.A. 436. We then, without specifying whether the remand applied to all or some of the defendants, vacated and remanded for proceedings consistent with the opinion.

In response, Morgan sought clarification of the opinion. Morgan alleged that Sherrod did not appeal the February 2013 order dismissing him and Sherrod's Initial Informal Brief did not raise any issues related to that order or to Morgan. He asked that our opinion vacating and remanding be clarified as not applicable to Morgan.

Sherrod responded and agreed with Morgan, repeating what he said in his Motion to Alter or Amend the Judgment before the district court. While he claimed his appeal should continue as to the other defendants, Sherrod stated: "I do not wish to attempt to hold Defendant Morgan responsible for correctional staff, or making them follow orders. Especially when not under doctors care. So I ask the Honorable Court of Appeals to remove

---

[3] McEntire was a manager in the unit where Sherrod's cell was located.

7

Defendant Morgan from the claim." Declaration of Plaintiff-Appellant at 1, *Sherrod v. Harkleroad*, 674 Fed. App'x 265 (4th Cir. Jan 3, 2017) (No. 16-7045).

We granted Morgan's Motion for Clarification. We issued an order explaining that, because Sherrod had not appealed the February 2013 order dismissing Morgan, Morgan was not a party to the appeal. Thus, we concluded that our opinion vacating the district court's March 30, 2016, order "does not affect the dismissal of Morgan as a party to this action." J.A. 455-56.

On remand, the district court—aware of our per curiam opinion but not our clarification order—interpreted our per curiam opinion to mean that Sherrod's claim against Morgan should be revived and that his claim against McEntire should proceed. The district court further determined that our per curiam opinion "did not . . . disturb the grant of summary judgment in favor of Defendants Harkleroad, Edwards, Shook, and Johnson, or the earlier dismissal in favor of Defendant Bass." J.A. 444.

In response, relying on our clarification order, Morgan moved before the district court to be dismissed. On August 8, 2017, the district court, now aware of the clarification order, agreed and directed the Clerk of Court to again terminate Morgan as a defendant. The district court case proceeded only as to McEntire, concluding in a trial with judgment entered in her favor on March 6, 2018. Sherrod timely appealed.

II.

On appeal, Sherrod challenges the district court's dismissal of the claims as to Morgan, Bass and Johnson. This Court reviews de novo a grant of a motion to dismiss or judgment on the pleadings under Rule 12(b)(6) or 12(c). *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

But before we can consider the merits of Sherrod's arguments, we first must determine whether we have appellate jurisdiction. In their brief, and in a Motion to Dismiss for Lack of Jurisdiction, Morgan and Bass argue that Sherrod only noticed the order entered on March 30, 2016, as the basis for his appeal, and not the earlier orders related to Morgan and Bass. Thus, they argue, this Court lacks jurisdiction to review those earlier dismissals.

We disagree. Morgan and Bass conflate the discretionary doctrine of waiver with mandatory jurisdictional rules. Sherrod timely appealed "from the final judgment, dismissal with prejudice entered in this action on the 30th day of March 2016." J.A. 409. Until that time, Sherrod was unable to appeal the earlier dismissals of Morgan and Bass. Under the "merger rule," Sherrod's appeal from the final judgment gave this Court jurisdiction to review the dismissal of claims against all defendants. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Accordingly, we have jurisdiction to consider Sherrod's appeal as to Morgan and Bass and hereby deny their motion to dismiss.

III.

But the fact that we have jurisdiction does not mean we proceed to the merits of Sherrod's appeal. Morgan, Bass and Johnson contend Sherrod waived his rights to appeal their dismissals.[4]

A.

We first consider this issue as to Morgan. Sherrod raised four issues in his Informal Brief—all unrelated to his deliberate indifference claim against Morgan. Morgan contends that Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the argument section of appellant's opening brief contain his contentions and reasons for them. Morgan's argument is compelling. We have long held that "[f]ailure to comply with the specific dictates of this rule with respect to a particular claim triggers abandonment of that claim on appeal." *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999). Further, this Court's Local Rules make clear that "[t]he Court will limit its review to the issues raised in the informal brief." 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

---

[4] The parties at times use the terms waiver and forfeiture interchangeably in their briefs. During oral argument, Morgan's attorney specified that they were pursuing a forfeiture theory. While the distinction between waiver and forfeiture is significant in determining the standard of review of an issue not raised before the district court, the distinction is less important in this context. When a party fails to raise an issue in its opening brief, it is considered waived or abandoned. *Grayson O Company v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017); *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015).

In an attempt to defeat Morgan's waiver contention, Sherrod makes several arguments. He first argues that, despite his failure to specify any issue related to Morgan, he adequately pressed his deliberate indifference claim by stating in his Initial Informal Brief that he "filed a § 1983 action claiming deliberate indifference to a serious medical need . . . ." Informal Brief of Plaintiff-Appellant at 1, *Sherrod v. Harkleroad*, 674 Fed. App'x 265 (4th Cir. Jan. 3, 2017) (No. 16-7045). But that statement, which is the only place in his Initial Informal Brief where Sherrod mentions "deliberate indifference," is in the procedural history section. *Id.* at 1. The issue is not addressed in his identification of issues or in his arguments. As such, we agree with Morgan that Sherrod waived his rights to appeal Morgan's dismissal by failing to raise the issue in his brief.

Sherrod next argues that while his deficiencies might normally constitute waiver, we should find otherwise because of his status as a *pro se* litigant during that portion of this litigation. He is correct that *pro se* filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But we have done that. And to the extent there was any question on the issue of waiver from his Informal Initial Brief, Sherrod cleared the matter up by stating that he did not intend to pursue Morgan on appeal in response to Morgan's Motion for Clarification. To repeat, Sherrod stated "I ask the Honorable Court of Appeals to remove Defendant Morgan from the claim." Declaration of Plaintiff-Appellant at 1, *Sherrod v. Harkleroad*, 674 Fed. App'x 265 (4th Cir. Jan 3, 2017) (No. 16-7045). Even a liberal construction of his filings leads to the conclusion that Sherrod did not intend to pursue Morgan in his earlier appeal. After all, *pro se* appellants are subject to the basic requirements of Local Rule 34(b).

Next, Sherrod claims that if he did waive his appellate rights regarding Morgan, Sherrod was induced into doing so by an error of this Court. More specifically, he claims we erred in listing Harkleroad, Edwards, Shook, McEntire and Johnson as "appellees" and Johnson and Bass as "defendants" in the caption for Sherrod's appeal. He claims omitting Morgan's name in the case caption caused Sherrod to think he was not able to pursue his appeal as to Morgan. Therefore, he argues, we should excuse his waiver of those claims.

While we agree that Morgan and Bass should have been formally listed as appellees in the caption, we see no indication that Sherrod was confused or misled in any way by the caption of the appeal. After carefully reviewing Sherrod's own words not only in his Initial Informal Brief but also in his response to Morgan's Motion for Clarification, and in his Motion to Alter or Amend the Judgment below, it is clear Sherrod did not intend to appeal as to Morgan.

Sherrod then argues that even if he waived his rights to appeal the district court's dismissal of Morgan, we already exercised jurisdiction over his appeal as to Morgan and accordingly, implicitly excused any waiver. In support of this position, Sherrod points out that we stated in our per curiam opinion that Sherrod "alleged that medical provider John Morgan and manager Patricia McEntire . . . had knowledge of his seizure disorder but failed to accommodate his disability" which was "enough to survive the Defendants' motion for judgment on the pleadings." J.A. 436. While Sherrod accurately quotes our per curiam opinion, he overlooks our order granting Morgan's Motion for Clarification. In it, we clarified that the per curiam opinion "does not affect the dismissal of Morgan as a party to this action." J.A. 456. Had we not done so, Sherrod's argument would be more persuasive.

12

But we of course have the right to clarify our opinions and Sherrod does not suggest otherwise. Read together, our per curiam opinion and our clarification order make clear that we did not excuse the waiver.

To be sure, under appropriate circumstances, we can exercise our discretion and excuse a party's waiver. *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 271 (4th Cir. 2019). For example, we have excused waiver when the "record provides an adequate basis to consider an alternative legal theory and when neither party is prejudiced by such consideration." *Id*. We find neither of these factors present in this case. As such, we follow the normal rule that failure to raise an issue for review constitutes a waiver.

Finally, Sherrod argues that even if we decline to look past the fact that he waived his appeal of the district court's February 2013 order dismissing Morgan, we have jurisdiction to review the district court's August 8, 2017, order terminating Morgan as a defendant. But all the waiver problems that exist with respect to the February 2013 order also apply to the district court's order of August 8, 2017. As set forth above, Sherrod made it clear that he did not intend to appeal the district court's dismissal of Morgan. Therefore, for the same reasons as set forth above, Morgan has waived any rights he had to appeal the August 8, 2017, order.

In conclusion, while we have jurisdiction over Sherrod's appeal of the district court's order dismissing Morgan, Sherrod waived his rights to appeal that order. Accordingly, we affirm the district court's dismissal of Morgan.

B.

We now turn to the issue of waiver as it relates to Sherrod's appeal of the orders dismissing Johnson and Bass. Sherrod argues he did not waive those rights, and emphasizes that he pressed his deliberate indifference claims against Johnson and Bass by arguing in his Initial Informal Brief that Bass wrote fraudulent witness statements. But this assertion is contained in Sherrod's argument that the district court erred in denying his Motion for Summary Judgment. Sherrod does not link the alleged fraudulent statements to his deliberate indifference claims or to the orders dismissing Bass or Johnson. Therefore, like his appeal of the order dismissing Morgan, Sherrod waived his right to appeal the dismissals of Johnson and Bass when he failed to raise them in his Initial Informal Brief.

But even if Sherrod did not waive his rights to appeal the orders dismissing Bass and Johnson, we find that the district court did not err in concluding that our per curiam opinion did not affect the dismissal of Bass and Johnson. And not only did the district court properly construe our per curiam opinion, the district court correctly concluded in the first place that Sherrod did not sufficiently plead deliberate indifference against Johnson and Bass. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment must fall within the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to state a valid claim, Sherrod must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. at 106. "The deliberate indifference standard applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement,

14

or failing to render medical assistance." *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017). "The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to a substantial risk of serious harm, and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." *Id*. at 97–98.

The standard for this claim is high. Disagreement over the quality of care he received is insufficient to state a constitutional claim under § 1983. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). And allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a § 1983 claim. *Estelle*, 429 U.S. at 104–06.

Sherrod alleges because Johnson and Bass made false statements, he did not receive proper medical care. Even if Sherrod is correct in stating that Johnson and Bass offered false statements, he does not link the false statement to any of the harms he alleges. In other words, he fails to explain how the false statement affected his treatment. Considering this deficiency, we agree with the district court's dismissal of Johnson and Bass pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

15